### In re ROEPER.

(District Court, D. Delaware. June 22, 1921.)

No. 1295.

Aliens ☞62—Refusal to bear arms bar to naturalization.

Under Naturalization Act, § 4(3), as amended (Comp. St. § 4352[3]), requiring an alien, before admission to citizenship, to declare on oath in open court that he "will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same," an alien, who states that he would not willingly serve in the field in the military forces in case of war, cannot take such oath without mental reservations and is not eligible to citizenship.

In the matter of the petition of William Henry Bernhard Roeper, for admission to citizenship. Petition denied.

John C. F. Gordon, Chief Naturalization Examiner, of Philadelphia, Pa., for the United States.

MORRIS, District Judge. William Henry Bernhard Roeper has filed a petition for admission to citizenship. At the final hearing in open court he testified, in substance, that he has conscientious scruples against the shedding of human blood, even in warfare, and that, if admitted to citizenship, he would not be willing to serve in the field in the military forces of the United States, if called upon to do so. The government opposes his admission. May he be naturalized?

The United States is a body politic. As such it has the unquestioned right to determine for itself the terms and conditions under which an alien may be admitted to membership—that is, citizenship—in that

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

body. Those terms were fixed and defined by the Act of Congress of June 29, 1906 (34 Stat. 596). Section 4 of that act in part provides:

"Third. He shall, before he is admitted to citizenship, declare on oath in open court that he will support the Constitution of the United States, and that he absolutely and entirely renounces and abjures all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; that he will support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same." Comp. St. § 4352.

That section makes clear that citizenship is not merely a privilege, but an obligation as well, that in return for the rights of citizenship certain duties are imposed upon the naturalized alien, points out what those duties are, and exacts an oath that they will be performed. The duties so imposed upon persons becoming citizens through naturalization are to—

"support and defend the Constitution and laws of the United States * * * and bear true faith and allegiance to the same."

The duties so prescribed by Congress in plain and unambiguous language may not be lessened or diminished by the courts. They may make no exception to the absolute and unqualified provisions of the oath of allegiance. The oath to support and defend the Constitution of the United States embraces every method of support and defense which the government may lawfully prescribe. That it may prescribe support and defense by active military service is obvious from the constitutional provisions vesting Congress with the power—

"to declare war; * * * to raise and support armies; * * * to provide and maintain a navy; to make rules for the government and regulation of the land and naval forces; to provide for calling forth the militia to execute the laws of the Union, suppress insurrections and repel invasions," and "to make all laws which shall be necessary and proper for carrying into execution the foregoing powers. * * *" Const. art. 1, § 8.

Furthermore, the Supreme Court in the Selective Draft Law Cases, 245 U. S. 366, 378, 38 Sup. Ct. 159, 161 (62 L. Ed. 349, L. R. A. 1918C, 361, Ann. Cas. 1918B, 856) said:

"It may not be doubted that the very conception of a just government and its duty to the citizen includes the reciprocal obligation of the citizen to render military service in case of need."

If individuals enter into a state of society, and especially if that government be in form a republic, the laws of that society must be the supreme regulator of their civil conduct. Story on Constitution, § 340. As it is manifest that the petitioner cannot, without reservations, mental or otherwise, take the oath of allegiance, such oath should not be administered or accepted.

Hence the prayer of his petition must be denied, and the petition dismissed.